UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GINA GARRETT,<br><br>    Plaintiff,<br><br>v.<br><br>KYLA JOHNSON-TRAMMELL, et al.,<br><br>    Defendants. | Case No. 21-cv-03323-HSG<br><br>**ORDER GRANTING MOTION TO DISMISS AND DENYING MOTION TO STRIKE**<br><br>Re: Dkt. Nos. 80, 82 |

Before the Court are Defendant Tara Gard's motion to dismiss the First Amended Complaint ("FAC") as to herself and Defendant Kyla Johnson-Trammell's motion to strike certain allegation in that complaint. Dkt. Nos. 80, 82. Plaintiff failed to oppose either motion. At a case management conference on August 18, 2022, the Court granted Defendant Gard's motion and denied Defendant Johnson-Trammell's motion for the following reasons.

Essentially, Defendant Tara Gard's motion to dismiss herself from this lawsuit is meritorious because neither the Complaint nor the FAC adequately alleges that she had any authority or even any input regarding the hiring decision that is the basis for the single sex discrimination claim remaining in this lawsuit. *See* Dkt. Nos. 1, 58, 80.

Conversely, Defendant Johnson-Trammell's motion to strike allegations regarding Plaintiff's administrative disciplinary process as irrelevant is at best premature. Dkt. No. 82. Whether Plaintiff Garrett exhausted her judicial and state remedies or not, Johnson-Trammell's decision to place Plaintiff Garrett on paid administrative leave pending investigation is at least arguably relevant to Trammell's alleged discriminatory intent. And where there is any doubt about the relevance of the challenged allegations under Rule 12(f), courts in this Circuit err on the side permitting the allegations to stand. *See Brackett v. Am. Airlines Grp. Inc.*, No. 21-CV-02681-

HSG, 2022 WL 282529, at *4 (N.D. Cal. Jan. 31, 2022) (collecting cases).

In sum, Defendant Gard's motion is **GRANTED**.  Because Plaintiff was previously granted an opportunity to remedy these flaws but has proven unable to do so, further leave to amend would be futile and the claim against Gard is now dismissed **WITHOUT LEAVE TO AMEND**.  *See Zucco Partners, LLC v. Digimarc Corp.*, 552 F.3d 981, 1007 (9th Cir. 2009) ("[W]here the plaintiff has previously been granted leave to amend and has subsequently failed to add the requisite particularity to its claims, the district court's discretion to deny leave to amend is particularly broad.") (citations and internal punctuation omitted).  Defendant Johnson-Trammell's motion is **DENIED**.

**IT IS SO ORDERED.**

Dated:   8/22/2022

*[signature]*
HAYWOOD S. GILLIAM, JR.
United States District Judge

2