UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GINA GARRETT,<br><br>    Plaintiff,<br><br>    v.<br><br>KYLA JOHNSON-TRAMMELL, et al.,<br><br>    Defendants. | Case No. 21-cv-03323-HSG<br><br>**ORDER** |

As the Court expressed at last week's case management conference, this case can be fairly described as "dysfunctional." It appears to have become even more so in the days since the hearing.

The deadline for the completion of all discovery in this case was February 17, 2023. Dkt. No. 105. The Court set that deadline on November 28, 2022. *Id.* This deadline was an extension of the previous fact discovery cutoff of September 30, 2022 and the previous expert discovery cutoff of November 23, 2022, which had been in place since April 28, 2022. Dkt. No. 79. In extending the deadlines, the Court expressly found that there was not good cause for the parties' failure to meet many of the prior deadlines, and explained that it was "entering this revised scheduling order solely to avoid prejudice to Plaintiff based on counsel's errors." Dkt. No. 105 at 1. The Court further explained, in bold print, that "**The schedule will not be extended any further absent a showing of truly exceptional reasons. Any further failure by any party to scrupulously comply with all dates and deadlines ordered by the Court, and all other Court orders, will result in the imposition of sanctions and a referral to the Court's Standing Committee on Professional Responsibility.**" *Id.* at 1-2.

On February 1, 2023, counsel for Defendant filed an administrative motion seeking to continue the discovery cutoff and mediation deadlines. Dkt. No. 108. In response, the Court

scheduled an in-person case management conference for February 7, 2023. Dkt. No. 109. Defense counsel appeared at the hearing as directed. Plaintiff's counsel did not. She first submitted a filing incorrectly claiming that defense counsel did not provide notice of the motion through the Court's ECF system. Dkt. No. 110. Plaintiff's counsel then waited until the day of the scheduled hearing to file an "emergency motion to appear by telephone," because she could not "drop what [she was] doing" and appear as ordered. Dkt. Nos. 111 at ¶ 3, 112. The Court denied the request to appear by phone, but directed Plaintiff's counsel to appear by Zoom. Dkt. No. 113. Plaintiff's counsel failed to appear by Zoom as ordered. Dkt. No. 114. At the hearing, the Court directed defense counsel to submit a declaration, with evidentiary support, detailing the problems they described with scheduling deposition dates and receiving discovery from Plaintiff's counsel. *Id.* Defense counsel timely submitted the declaration and supporting documents on February 10, Dkt. No. 116, and Plaintiff's counsel submitted a declaration with a "description of events after the 2/7/2023 order was issued" a few days later, Dkt. No. 117.

The Court again ordered counsel to appear at an in-person case management conference on February 16, 2023 or face sanctions. Dkt. No. 119. This time, both counsel appeared as ordered. Dkt. No. 120. At the hearing, it became clear that as of the day before the extended discovery cutoff, Plaintiff's counsel had produced <u>zero</u> documents other than Plaintiff's expert's report and some number of attachments. She said she had around 250 pages ready to produce, but was having problems with her Bates labeling computer program. The Court ordered counsel to produce these documents by the next day, February 17 (after asking how she could have thought it would be possible to meet the discovery deadline by producing the documents so late). *Id.* It also became clear that defense counsel had produced its documents using a Dropbox link, which Plaintiff's counsel said she could not access, without first confirming that this method of production would work. Defense counsel represented that they had sent the production again via Federal Express, and that those hard copies should have arrived at Plaintiff's counsel's office that day.

It also became clear that as of the last day before the extended discovery cutoff, the parties had conducted <u>zero</u> depositions. Defense counsel represented, with substantial evidentiary backup attached to their declarations, that they had been trying for over a month to schedule depositions

before the discovery cutoff date, with Plaintiff's counsel either being unresponsive, failing to follow up and secure dates, or failing to produce the documents necessary for the defense expert to prepare his report. The Court also learned for the first time at the hearing that Defendant Johnson-Trammell's deposition, which the parties had represented as recently as February 13 was proceeding on February 15, had not gone forward. *See* Dkt. No. 117 at ¶¶ 2, 6. Plaintiff's counsel canceled the deposition because she said she had not received Defendants' production.

Exasperated by another complete failure to meet the ordered deadlines, the Court ordered counsel to meet and confer in person after the hearing and jointly propose a revised schedule for the case that would maintain the currently set trial date. Dkt. No. 120. The parties were ordered to submit the plan and proposed schedule by February 17. *Id.*

The parties failed to do so. Instead, on February 20, Plaintiff's counsel filed a "notice of unavailability." Dkt. No. 121. Counsel claimed that she would be unavailable from "February 20, 2023 thru [sic] March 3, 2023," because given the Court's inclination to refer her to the Standing Committee on Professional Conduct as expressed at the February 16 hearing, she needs to "travel[] to the East Coast, in addition to seeking counsel in California." *Id.*

This, simply put, is nonsense. The Court rejects counsel's "notice of unavailability," and there is no such thing in federal court. Plaintiff's counsel cannot further evade following the Court's (already disregarded) scheduling orders by unilaterally purporting to be "unavailable." This filing epitomizes Plaintiff's counsel's seeming unwillingness or inability to comply with court orders that has been evident in this case.

The Court orders as follows:

1. Counsel for each party is **ORDERED TO SHOW CAUSE** by February 23, 2023 why they should not be sanctioned for failing to comply with the Court's order directing them to meet and confer and submit a proposed revised schedule by February 17, 2023. Based on its review of these responses, the Court will impose monetary or other sanctions, up to and including potential terminating sanctions, on the party or parties it finds to be responsible for this failure.

2. Plaintiff's counsel is ordered to certify, under penalty of perjury, by 5:00 p.m. Pacific Time on February 22, 2023 that she produced the documents discussed at the case

management conference by February 17 as ordered at that hearing.

3. The Wednesday, February 22, 2023 deadline for filing a joint discovery letter brief if there are any outstanding discovery issues remains in place, without regard to Plaintiff's counsel's purported "notice of unavailability." Failure to comply with this deadline will result in sanctions, which could include terminating sanctions. If either party fails to cooperate in the preparation and filing of the letter brief, the other party may file a separate letter brief. Any separate letter brief must be supported by a declaration under penalty of perjury confirming, with supporting evidentiary detail, that the party met and conferred in good faith to comply with the Court's order but could not do so based on opposing counsel's actions.

All counsel are **ORDERED** to provide a copy of this order to each of their clients today via email.

**IT IS SO ORDERED.**

Dated:   2/21/2023

_____
HAYWOOD S. GILLIAM, JR.
United States District Judge